UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT McPHERSON,

    Plaintiff,

v.                                    Case No:  2:14-cv-187-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

OPINION AND ORDER

Plaintiff Scott McPherson seeks judicial review of the denial of his claims for a period of Social Security disability, disability insurance benefits and Supplemental Security Income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff raises three issues on appeal: (1) whether substantial evidence supports the Appeals Council's denial of Plaintiff's request for review; (2) whether substantial evidence supports the evaluation of the Administrative Law Judge, M. Dwight Evans (the "ALJ" or "law judge"), concerning Plaintiff's obesity; and (3) whether substantial evidence supports the ALJ's evaluation that Plaintiff could perform other work. Because the decision of the Commissioner is supported by substantial evidence, and the Plaintiff has not shown any reversible error, the decision will be affirmed.

I.

Plaintiff, who was forty-two years old at the time of the administrative hearing, applied for a period of disability, disability insurance benefits and SSI in July 2012,

originally alleging he became disabled and unable to work on January 6, 2004 ("alleged onset date" or "AOD") due to multiple sclerosis, back injury and obesity. Tr. 180-96, 213. Later, he amended his AOD to July 2007. Tr. 208. His applications were denied initially and upon reconsideration. Tr. 59-100, 117-42). Plaintiff's insured status expired in December 2012, when he was 41 years old. Tr. 180, 206. He has some college education, and previously worked as a security guard, Lowes sales person, sales clerk, automotive part salesperson, exterminator, metal fabricator shop helper, radio/electronics mechanic, industrial truck/forklift operator, home restoration cleaner/remodeler and tree planter. Tr. 48-49, 214, 230-47.

At his request, Plaintiff received a *de novo* hearing before ALJ Evans, during which he was represented by counsel, which occurred on May 3, 2013. Tr. 17-58. Plaintiff and a vocational expert (VE) testified at the hearing.[1]  *Id.*  On May 31, 2013, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim. Tr. 104-112. At step two, the law judge found that Plaintiff had severe impairments of multiple sclerosis and obesity. Tr. 106. At step three, he concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. . . ." Tr. 107. The ALJ concluded, with these severe impairments, that Plaintiff had the following residual functional capacity ("RFC"):

---

[1] The Plaintiff, his counsel and the VE appeared in Ft. Myers, FL; and the law judge presided over the hearing by videoconference from Ft. Lauderdale, FL. Tr. 104.

> [He can] lift and carry twenty pounds continuously (over two-thirds of the day), between twenty-one and fifty pounds frequently (between one-third and two-thirds of the day), and between fifty-one and one hundred pounds occasionally (a third or less of the workday). Claimant can sit for two hours, stand for one hour, and walk for one hour without interruption. During an eight-hour workday, claimant can sit for six hours, stand for two hours, and walk for two hours. With respect to his hands, claimant can use his hands continuously for all purposes including handling, reaching, fingering, pushing, pulling, and reaching overhead. Claimant can use his right foot frequently and his left foot continuously. Posturally, claimant can frequently climb stairs and ramps, stoop, kneel, crouch, and crawl. Claimant cannot climb ladders, ropes, or scaffolds. Claimant should also avoid balancing. Claimant should never be exposed unprotected heights. Claimant can frequently be exposed to moving mechanical parts, operating a motor vehicle (car, truck, SUV), humidity, wetness, dusts, odors, fumes, pulmonary irritants, extreme cold, and vibrations. Claimant may only occasionally be exposed to extreme heat. Claimant can be exposed to moderate noise such as in an office building. Claimant's activities of daily living have no modifications or limitations such as in performing shopping, traveling without a companion, walking without using a wheelchair, walker, two canes, or two crutches, and claimant can walk a block at a reasonable pace on rough or uneven surfaces. Claimant can use public transportation, climb a few steps at a reasonable pace with the use of a single handrail, feed himself and prepare simple meals, care for his personal hygiene, and sort, handle, or use paper files.

Tr. 107-08. The ALJ ruled that Plaintiff's impairments and these limitations prevented Plaintiff from performing most of his past relevant work, but that he could perform his past relevant work as a security guard, which he found generally is performed at the light exertional level. Tr. 110. After posing hypotheticals to the VE, the ALJ also determined that considering the Plaintiff's age, education, work experience and RFC, there were other jobs existing in significant numbers in the

national economy that Plaintiff could perform, such as addresser, document preparer and call out operator, each of which are performed as the sedentary exertional level. Tr. 111-12. Accordingly, the ALJ ruled that Plaintiff is not disabled through the date of the decision. Tr. 112. The Appeals Council let stand the decision of the ALJ as the final decision of the Commissioner. Tr. 1-4. Plaintiff filed an appeal in this Court on April 1, 2014. Doc. 1.

## II.

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new, chronologically relevant evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v.*

*Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1265 (11th Cir. 2007); 20 C.F.R. § 404.970(b).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).  It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *Lacina v. Comm'r*, 606 Fed. App'x 520, 525 (11th Cir. 2015), *citing Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971).

## III.

### *A. Whether substantial evidence supports the Appeals Council's denial of Plaintiff's request for review.*

Plaintiff first argues that the Appeals Council improperly denied Plaintiff's request for review because there is "no indication that it considered" additional evidence submitted after the ALJ's decision concerning Plaintiff's multiple sclerosis ("MS"). Specifically, Plaintiff submitted documents dated September 13, 2013, nearly four months after the ALJ's decision, from Lane Carlin, M.D., Florida Neurology Group, in one of which Dr. Carlin opined in a two-line letter:

> Mr. McPherson is totally and permanently disabled due to multiple sclerosis. He has disabling fatigue, right body paresthesia and clumsiness requiring the use of a cane and severe hot flashes.

Tr. 372. Plaintiff also submitted documents from a hospital visit in late July 2013 for a neurologic consultation. Tr. 369. Upon admittance, the records indicate that Plaintiff's visit concerned "extreme exacerbation" of his MS that began on July 29, 2013, and which the discharge summary noted improved significantly during his hospitalization. *Id.,* Tr. 369-71.

The Commissioner responds that most of the evidence submitted to the Appeals Council is not chronologically relevant to the ALJ's decision; and furthermore, the Appeals Council is not required to explain its rationale when denying a request for review. Doc. 25 at 6-9. The Court agrees with both assertions.

"[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of

benefits erroneous." *Ingram*, 496 F.3d at 1262 (citation omitted). Under the Social Security regulations, a claimant is entitled to remand for consideration of newly-discovered evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Thus, the claimant must show that (1) the evidence is new and noncumulative; (2) the evidence is material such that a reasonable probability exists that the new evidence would change the administrative result; and (3) there is good cause for the claimant's failure to submit the evidence at the appropriate administrative level." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cited in Leiter v. Comm'r of Soc. Sec. Admin.*, 377 Fed. App'x 944, 950 (11th Cir. 2010). For evidence to be "new and noncumulative," it must relate to the time period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). Thus, the Eleventh Circuit has held that "[e]vidence of a deterioration of a previously-considered condition may subsequently entitle a claimant to benefit in a new application, but is not probative of whether a person was disabled during the specific period under review." *Leiter*, 377 Fed. App'x at 950, *citing Wilson v. Apfel*, 179 F.3d 1276 (11th Cir. 1999).

Here, clearly Plaintiff's MS existed prior to the ALJ's decision. Thus, any evidence showing an exacerbation of his condition is not probative to the disability decision at issue. Moreover, as noted by the Commissioner, the hospital notes show that Plaintiff's condition improved significantly during his stay. Tr. 367. A similar analysis applies to the September 2013 report from Dr. Carlin, concluding that

Plaintiff was "totally and permanently disabled." First, as with the Lee Memorial records, the documents from Plaintiff's neurosurgeon nearly three months after the ALJ's decision are neither new nor noncumulative. They did not reveal an undiscovered, preexisting condition, but rather, revealed that Plaintiff's MS had deteriorated to the extent described in Dr. Lane's report: "disabling fatigue, right body paresthesia and clumsiness requiring the use of a cane and severe hot flashes," in which the physician concluded that Plaintiff was "totally and permanently disabled due to multiple sclerosis." Tr. 372. Furthermore, the decision whether an individual is disabled and unable to work under the Social Security regulations is reserved to the Commissioner. *Lanier v. Comm'r of Soc. Sec.*, 252 Fed. App'x 311, 314 (11th Cir. 2007); *see also* 20 C.F.R. § 404.1527(e) (explaining that a physician's opinion that a claimant is "disabled" or "unable to work" is not a medical opinion and that this opinion is reserved exclusively to the Commissioner). In addition, Dr. Lane's September 2013 opinion was conclusory; he neither specifically explained how Plaintiff's impairments impacted his ability to work nor provided objective medical evidence to support his findings. *See Edwards v. Sullivan,* 937 F.2d 580, 583 (11th Cir. 1991) ("The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.").

Finally, contrary to Plaintiff's assertion, in a case such as the one presently under review, the Appeals Council was not required to discuss specifically new evidence submitted to it when it denied the claimant's request for review. *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014) (collecting cases

and distinguishing those in different procedural contexts in which the Appeals Council was required to evaluate newly submitted evidence from facts similar to the instant case in which it does not). The Eleventh Circuit in *Mitchell* concluded that where the Council considered the new evidence and determined that it did not establish error in the ALJ's decision, it was not required to provide a discussion of the new evidence in his denial of the claimant's request for review. *Id.* at 783-85. The facts here are procedurally similar to those in *Mitchell*. In this case, on July 29, 2013, Plaintiff stated the following reasons to the Appeals Council for requesting review of the law judge's decision:

> My condition of MS has progressed. I have currently been admitted to the hospital due to Multiple Sclerosis symptoms. My hospital stay will be at least a week and I will then have further evidence for my claim.

Tr. 178. In its denying Plaintiff's request for review, the Appeals Council stated, in pertinent part:

> We found no reason under our rules to review the Administrative Law Judge's decision. . . .
>
> We applied the laws, regulations and rulings in effect as of the date we took this action.
>
> Under our rules, we will review your case for any of the following reasons:
>
> • The Administrative Law Judge appears to have abused his or her discretion.
>
> • There is an error of law.
>
> • The decision is not supported by substantial evidence.
>
> • There is a broad policy or procedural issue that may affect the public interest.

> • We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record. . . .
>
> In looking at your case, we considered the reasons you disagree with the decision.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's Decision.

Tr. 1-2. Thus it is clear from the Appeals Council's decision that it considered the new evidence submitted by the Plaintiff yet determined that the ALJ's decision was not contrary to the weight of all the evidence in the record and thus denied review. The Council was required to do no more.

### B. *Whether substantial evidence supports the ALJ's evaluation concerning Plaintiff's obesity.*

Plaintiff argues that the ALJ erred in not properly taking his obesity into account in determining his RFC. Doc. 24 at 10. Specifically, Plaintiff asserts the ALJ must consider each impairment alleged "and the combined effect of those impairments," yet the ALJ did not reference his obesity other than stating that it is a severe impairment. *Id.* Plaintiff claims that the ALJ violated SSR 02-1p, because he did not analyze Plaintiff's obesity in combination with his other impairments. *Id.* at 11-12. The Commissioner points out that if the medical and other evidence shows a claimant has obesity, the ALJ will consider this condition throughout the disability evaluation in accordance with SSR 02-1p, and he did so here by considering Plaintiff's obesity at each relevant step of the disability evaluation. Doc. 25 at 8-9.

The relevant portions of SSR 02-1p state:

> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment ... As explained in SSR 96–8p ... our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. . . .
> . . . .
> The combined effects of obesity with other impairments may be greater than might be expected without obesity....
> . . . .
> When we identify obesity as a medically determinable impairment ..., we will consider any functional limitations resulting from the obesity in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments we identify.

67 Fed. Reg. 57859, 57862–63 (Sept. 12, 2002).

> At the hearing, the ALJ inquired of Plaintiff's weight:
>
> ALJ: Now you told us how tall you are and how much you weigh. Have you gained a bunch of weight since you stopped working?
>
> Plaintiff: Yeah. I've always kind of come up and down in weight, but I've probably gained about 60 pounds I guess, 65 since I stopped, you know, being out in the heat every day, working and sweating it.

Tr. 38.

At step three of his opinion, the law judge determined that Plaintiff's severe impairments included multiple sclerosis and obesity. Tr. 106. At step four, considering all Plaintiff's impairments and combination of impairments (without explicitly stating his obesity), the ALJ found Plaintiff does not meet or equal one of the listed impairments. Tr. 107. Finally, at step five the ALJ considered the "entire record" and found Plaintiff's RFC to be as previously stated, concluding he was not disabled and could perform basic work activities. In doing so, the law judge

- 11 -

considered all of Plaintiff's symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence. Tr. 107-08.

In his decision, the ALJ stated that he considered the Plaintiffs "alleged mental and physical impairments" and found that the claimant is "not as limited as is alleged" and that his "subjective reports are not supported by the objective medical evidence, observation, or substantial medical treatment notes," citing to examinations in late 2011 showing normal gait and a full range of motion in his joints. Tr. 110.[2] He further considered Plaintiff's claims of obesity during his discussion of a July 2012 examination with Dr. Kibria, a consultative physician, in which Plaintiff's weight was reported to be 265 pounds, and his obesity was noted, among other complaints and diagnoses. Tr. 107, 290-92. The ALJ reviewed Dr. Kibria's findings that Plaintiff had only slightly limited range of motion and noted Plaintiff's gait, station and coordination were normal. Tr. 107.

It is Plaintiff's burden to establish that his obesity affected his ability to perform basic work activities. Plaintiff has failed to meet this burden. *See Castel v. Comm'r of Soc. Sec.*, 355 Fed. App'x 260, 264 (11th Cir. 2009); *see also Street v. Barnhart*, 133 Fed. App'x 621, 630-31 (11th Cir. 2005). Plaintiff has failed to cite to record evidence that his obesity caused other limitations, and indeed the medical

---

[2] Plaintiff did not challenge the ALJ's credibility determination concerning the Plaintiff's testimony. Any issue not raised by the Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), *cited in Sanchez v. Comm'r of Soc. Sec.,* 507 F. App'x 855, 856 (11th Cir. 2013).

records support none. On the contrary, there is ample support in the record that the ALJ took into account Plaintiff's obesity in his ultimate determination that Plaintiff was not disabled, as discussed herein. Accordingly, substantial evidence supports the ALJ's determination as a whole, including consideration of Plaintiff's obesity; and Plaintiff has demonstrated no error in this regard.

### C. *Whether substantial evidence supports the ALJ's evaluation that Plaintiff could perform other work.*

Finally, Plaintiff argues that the ALJ erroneously concluded at step four that the he could perform his past relevant work as a security guard as actually performed. Doc. 24 at 13. Plaintiff asserts that because this job required the Plaintiff to walk for three hours in an eight-hour workday, and the ALJ limited his RFC to two hours of walking in an eight-hour day, substantial evidence does not support the ALJ's decision in that regard. *Id.* The Commissioner responds that while the ALJ's determination regarding Plaintiff's past work as a security guard appears to be inaccurate and at odds with Plaintiff's testimony (*compare* Tr. 233 – Plaintiff's testimony, with Tr. 107 – the ALJ's finding), the error is harmless; because substantial evidence supports the ALJ's determination that Plaintiff could perform other work in the national economy. Doc. 25 at 11. The Court agrees. The VE testified that a hypothetical individual of Plaintiff's background (age, education, work experience and RFC), could also work as an addresser, document preparer and call-out operator, each of which can be performed at the sedentary level. This supports the ALJ's ultimate determination that Plaintiff was not disabled but could perform a significant number of jobs in the national economy. Tr. 50-54, 111-12. Accordingly,

any alleged error with respect to the security guard position is harmless, and substantial evidence supports the ALJ's determination that there are other jobs in the national economy that Plaintiff can perform with his RFC.

## IV.

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record